IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN MCDADE, 1629353, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-1327-O |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

### II. Background

On February 17, 2010, Petitioner pled guilty pursuant to a plea agreement to five aggravated robbery cases. *State of Texas v. John McDade*, Nos. 31,427, 31,581, 31, 592, 31,593 and 31,594 (13th Dist. Ct., Navarro County, Tex., Feb. 17, 2010). Petitioner was sentenced to twenty years in prison for each conviction, to run concurrently. Petitioner did not appeal his convictions.

On February 11, 2011, Petitioner filed five state habeas corpus applications challenging these convictions. *Ex parte McDade*, No. 75,604-01, '02, '03, '04 and '05. On September 21, 2011, the Court of Criminal Appeals denied relief on the findings of the trial court.

On April 24, 2012, Petitioner filed this federal petition for habeas relief. He argues:

(1)     His guilty pleas were involuntary;

(2)     He received ineffective assistance of counsel; and

(3)     Police illegally obtained evidence that was used against him.

### III.  Discussion

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

Petitioner was convicted on February 17, 2010. He did not appeal his convictions. His convictions therefore became final thirty days later on March 19, 2010. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). He then had one year, or until March 19, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On February 11, 2011, Petitioner filed his state habeas petitions. These petitions tolled the limitations period for 222 days, until the Court of Criminal Appeals denied the petitions on September 21, 2011. When 222 days were added to the March 19, 2011, federal deadline, Petitioner's deadline became October 27, 2011.

Petitioner was required to file his federal habeas petition by October 27, 2011. He did not file his petition until April 24, 2012. His petition is therefore untimely.

---

action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

B.  **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he has a history of mental illness, he was on medication at the time of his pleas and the writ writer who was helping him with his federal petition was transferred to another prison.

The record shows that in September, 2009, Petitioner was found incompetent to stand trial. (*Ex parte McDade* at 9.) The court ordered that Petitioner be sent for mental health treatment. After this treatment, on February 17, 2010, the court determined that Petitioner was competent, and the court accepted Petitioner's guilty pleas. (Plea Tr. at 9.) Petitioner has failed to submit any evidence that he was incompetent during the relevant limitations period for filing his federal petition. This claim therefore does not entitle him to equitable tolling.

Petitioner's claim that his federal petition was delayed because his writ writer was transferred to another prison also does not entitle Petitioner to equitable tolling. *See Felder v.*

*Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, a prisoner's pro se status and lack of legal training do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 3rd day of July, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).